UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TYLER RHIVES, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:19-CV-01860-JAR |
| PROGRESSIVE ADVANCED INSURANCE COMPANY, | ) |
| Defendant. | ) |

## **MEMORANDUM & ORDER**

This matter is before the Court on Plaintiff Tyler Rhives's motion to compel responses to his requests for admissions (Doc. No. 25) and second motion to compel responses to his requests for production (Doc. No. 29). For the reasons set forth below, the motion to compel responses to requests for admissions will be denied and the second motion to compel responses to requests for production will be granted in part.

## **BACKGROUND**

On May 16, 2017, Plaintiff, who was operating a motor scooter, was injured in a car accident with Nora Cole, who Plaintiff claims is an uninsured or underinsured motorist. At the time, Plaintiff was covered by a policy of insurance issued by Defendant Progressive Advanced Insurance Company ("Progressive"), and that policy included uninsured and underinsured motorist coverage. Plaintiff alleges that as a result of the accident, he incurred medical expenses totaling $15,000 and lost wages.

On July 27, 2017, Plaintiff, through his attorney, initiated a claim related to the accident with Progressive. (Doc. No. 30-2). The record reflects that Progressive paid $50,000 to Plaintiff and made an additional offer of $100,772 to resolve Plaintiff's claim. (*Id.*). On August 9, 2018,

1

Plaintiff's counsel submitted an independent medical examination report and photographs in support of Plaintiff's claim and made a demand for the uninsured policy limits of $300,000. (*Id.*). On May 2, 2019, Progressive's claims specialist increased its offer to $125,000 to resolve Plaintiff's claim, and the correspondence reflects that if additional documentation supporting the need for a hip replacement surgery was provided, Progressive would reconsider its offer. (*Id.*).

Plaintiff filed his lawsuit against Progressive in Missouri state court on May 17, 2019, alleging breach of contract and vexatious refusal to pay. (Doc. No. 10). Progressive removed the case to federal court on June 28, 2019. (Doc. No. 1). The parties then engaged in written discovery, at which time Plaintiff requested the production of Progressive's claim file. Progressive objected on the basis that it was protected under the work product and attorney-client privileges.

Plaintiff also sent the following requests for admissions, which are the subject of Plaintiff's motion to compel:

> 8. The vehicle operated by Nora Cole was an uninsured motor vehicle within the meaning of defendant's policy.
>
> 9. The vehicle operated by Nora Cole was an uninsured motor vehicle also under the provisions of section 379.203 R.S.MO.
>
> 10. Plaintiff Tyler Rhives was an insured person within the meaning of defendant Progressive's policy of insurance.
>
> 11. Plaintiff Tyler Rhives was an insured person within the meaning of defendant Progressive's policy of insurance and was eligible for uninsured motor vehicle coverages and benefits.
>
> 12. On June 21, 2017 Nora Cole was indicted by a St. Louis County grand jury pursuant to Section 577.010 (DWI with serious physical injury) for the collision with Tyler Rhives.
>
> 13. A true and accurate copy of the grand jury indictment charging Nora Cole for the June 21, 2017 collision is attached hereto and marked plaintiffs exhibit 1.

> 14. On December 15, 2017 Nora Cole plead guilty to the grand jury indictment (exhibit 1).
>
> 15. A true and accurate copy of Nora Cole's guilty plea is attached hereto as plaintiff's exhibit 2.
>
> 16. On December 15, 2017 Nora Cole, pursuant to the guilty plea, was sentenced to five (5) years of incarceration.
>
> 17. A true and accurate copy of the sentence imposed against Nora Cole is attached hereto as plaintiff's exhibit 3.
>
> 18. Plaintiff has performed all conditions precedent under defendant's policy of insurance.

(Doc. No. 26-1). Progressive objected to Requests for Admission Nos. 8, 9, 10, 11, and 18 ("Policy-related RFAs") as seeking an admission of a conclusion of law. It also objected to Requests for Admission Nos. 14, 15, 16, and 17 ("Cole-related RFAs") as evidentiary in nature and not intended to obtain discovery. Progressive also stated that it lacked information or knowledge about some of the requests and stated it was not the custodian of the documents referenced therein.

Now, Plaintiff seeks a Court order compelling Progressive to produce its claim file, which Plaintiff argues is relevant and discoverable in vexatious refusal to pay litigation. Plaintiff also seeks an audio recording of his father's statement to Progressive over the course of its investigation, which is contained in the claim file.

Progressive responds that the entire claim file, including the recorded statement, is work product because Progressive's first notice of the claim was received from Plaintiff's counsel, thus placing Progressive on notice of imminent litigation. Progressive points to the fact that Plaintiff's counsel asserted an attorney's lien on Plaintiff's claim as the basis for putting Progressive on notice of a specific and palpable threat of litigation. Plaintiff also seeks a Court order compelling

Progressive to respond to the requests for admissions related to the insurance policy and Cole's underlying criminal matter.

## DISCUSSION

Plaintiff's Motion to Compel Responses to Requests for Admission (Doc. No. 25)

"Federal Rule of Civil Procedure 36(a) provides that a party may serve on any other party a written request to admit the truth of any matters within the permissible scope of discovery under the Rules of Civil Procedure relating to facts or the application of law to fact." *Schreiber v. Northland Grp., Inc.*, No. 4:12CV01331AGF, 2013 WL 53852, at *1 (E.D. Mo. Jan. 3, 2013) (citing Fed. R. Civ. P. 36(a)(3)). "Requests for admissions are not to be employed as a means to establish facts which are obviously in dispute or to answer questions of law." *Keaton v. Prop. & Cas. Ins. Co. of Hartford*, No. 4:07-CV-634-BSM, 2008 WL 2519790, at *3 (E.D. Ark. June 20, 2008). "Accordingly, a request for admissions which involves a pure matter of law [is] considered inappropriate." *Id.*

Here, the motion to compel responses to the Policy-related RFAs will be denied. Missouri law governs this insurance contract. *See Secura Ins. v. Horizon Plumbing, Inc.*, 670 F.3d 857, 861 (8th Cir. 2012) ("State law governs the interpretation of insurance policies when federal jurisdiction is based on diversity of citizenship."). Under Missouri law, the interpretation of the meaning of an insurance policy is a question of law. *Capitol Indem. Corp. v. 1405 Associates, Inc.*, 340 F.3d 547, 547 (8th Cir. 2003). The Policy-related RFAs specifically seek admissions regarding policy interpretation, which seek legal conclusions that are for the Court to decide. Thus, the Court will deny the motion to compel responses to Policy-related RFAs.

The Court will also deny the motion to compel as it relates to the Cole-related RFAs. "To determine if a matter is discoverable, the analysis requires the court to first determine whether the

4

sought discovery is relevant to a claim or defense." *Factory Mut. Ins. Co. v. Nebraska Beef, Inc.*, No. 8:09CV159, 2010 WL 1553458, at *2 (D. Neb. Apr. 15, 2010). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984).

Plaintiff claims that the Cole-related RFAs, which address Cole's guilty plea to the charge of drinking while intoxicated, are relevant without offering any further explanation. He also contends that Cole's guilty plea is "likely negligence per se." (Doc. No. 26). However, the Cole-related RFAs seek information that appears to be irrelevant to this litigation. Cole is not a party to the lawsuit, nor does it appear that Cole's liability is at issue in this case. Indeed, this dispute relates to the interpretation of a policy of insurance and whether the insurer breached that contract. At this juncture, Cole's intoxication does not appear to be relevant to this litigation, and the Court will deny the motion to compel responses to the Cole-related RFAs.

Plaintiff's Motion to Compel the Production of Documents (Doc. No. 29)

Plaintiff also seeks a Court order compelling Progressive to produce its claim file, which Progressive maintains constitutes work product that is not subject to disclosure. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "The work product privilege's primary purpose is to [ensure] that the representation provided by an attorney to a client is not inhibited by fear that his files will be subject to scrutiny upon demand by an opposing party." *Id.* (citation omitted). "In order to protect work product, the party seeking protection must show the materials were prepared in anticipation of litigation, i.e., because of the prospect of litigation." *Martin v. Cincinnati Ins. Co.*, No. 4:17CV142 RLW, 2018 WL 3417337, at *2 (E.D. Mo. July 13, 2018) (quoting *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 817 (8th Cir. 2002)).

5

Whether certain documents were prepared in anticipation of litigation is a factual determination made by the Court:

> [T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation.

*Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987) (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2024, at 198–99 (1970)). "To be protected, the documents must have been prepared after a 'specific threat' of litigation became 'palpable.' That litigation was 'merely a possibility' is insufficient." *Martin*, 2018 WL 3417337, at *2 (internal citations omitted).

From the outset, the Court finds that the retention of counsel alone is not dispositive of when litigation is anticipated. *Med. Protective Co. v. Bubenik*, No. 4:06CV01639 ERW, 2007 WL 3026939, at *4 (E.D. Mo. Oct. 15, 2007). Moreover, it may be that Progressive engaged in communications with counsel that sought resolution of Plaintiff's claim until the date Plaintiff filed suit. Those communications may indicate that litigation was not imminent or anticipated by Progressive and demonstrates an attempt by the parties to avoid the necessity of filing suit. In that case, Progressive was preparing documents in the regular course of business, not in anticipation of litigation.

Accordingly, the Court concludes that the date on which Plaintiff filed his lawsuit constitutes the date on which a specific threat of litigation became palpable. Any claim file materials prepared after that date are protected as work product. If Progressive wishes to withhold any claim file materials pre-dating the filing of this lawsuit, the Court will direct Progressive to prepare a privilege log asserting the basis thereof.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Tyler Rhives's motion to compel responses to request for admissions (Doc. No. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Tyler Rhives's second motion to compel responses to Plaintiff's request for production (Doc. No. 29) is **GRANTED in part and DENIED in part,** as set forth in this Order. If Defendant Progressive Advanced Insurance Company wishes to withhold any claim file materials pre-dating the filing of this lawsuit, it shall provide a privilege log to opposing counsel within **ten (10) days** of this Order.

Dated this 26th day of December, 2019.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE