UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TYLER RHIVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-01860-JAR |
| | ) | |
| PROGRESSIVE ADVANCED | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM & ORDER**

This matter is before the Court on Defendant Progressive Advanced Insurance Company's ("Progressive") motion for leave to file a counterclaim (Doc. No. 41), which is unopposed by Plaintiff Tyler Rhives. Also before the Court is Progressive's motion for leave to serve additional interrogatories (Doc. No. 37). Plaintiff opposes this motion.

### **BACKGROUND**

On May 16, 2017, Plaintiff, who was operating a motor scooter, was injured in a car accident with Nora Cole, who Plaintiff claims is an uninsured or underinsured motorist. Progressive and Plaintiff entered into a settlement agreement for $50,000 pursuant to uninsured motorist coverage under a policy issued to Plaintiff's mother, Lisa Rhives ("Rhives policy"). Under the settlement agreement, Plaintiff assigned to Progressive any other settlement proceeds from any party responsible for his injuries.

Plaintiff also made a claim with Progressive for uninsured motorist coverage under another policy issued to his father, James Garrison ("Garrison policy"), and that policy is the subject of this lawsuit. While conducting discovery, Progressive learned that Cole was in fact insured under a policy issued by American Family Mutual Insurance Company and, pursuant to the terms of the

1

assignment from Plaintiff, made a $50,000 settlement demand on American Family. However, American Family notified Progressive that it had already reached a settlement with Plaintiff for $50,000 and rejected Progressive's demand. Progressive now seeks leave to pursue a counterclaim against Plaintiff to recover the amount it paid to him under the Rhives policy. In the alternative, Progressive seeks to pursue claims associated with Plaintiff's breach of the terms of the release. Progressive also asks that this Court allow it to propound four additional interrogatories on Plaintiff.

**DISCUSSION**

Motion for Leave to File a Counterclaim

Federal Rule of Civil Procedure 15 governs motions for leave to file a counterclaim prior to the deadline set out in the scheduling order and has a "liberal policy favoring amendments." *Stanczyk v. Prudential Ins. Co. of Am.*, No. 15-CV-0097-LTS, 2017 WL 89571, at *2 (N.D. Iowa Jan. 10, 2017) (citing *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016)). Although Progressive does not cite any federal rule as its authority for filing its motion, the Court concludes that the filing is timely under the deadlines set forth in the Case Management Order.

In exercising its discretion to allow a litigant to amend his pleading under Rule 15, "[a] district court appropriately denies . . . leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

2

In its counterclaim, Progressive seeks to recover the amount it paid under the Rhives policy or, in the alternative, pursue claims associated with Plaintiff's breach of the terms of the release. The Court finds that these allegations and claims arise out of the same facts and circumstances set forth in Plaintiff's complaint. Additionally, there is nothing in the record before the Court demonstrating undue delay, bad faith, dilatory motive, or undue prejudice to Plaintiff. Nor has Plaintiff objected to Progressive's filing such a counterclaim. Under these circumstances, the Court grants Progressive leave to file its counterclaim.

Motion for Leave to Serve Additional Interrogatories

"A party must show good cause exists for granting leave to modify the scheduling order by increasing the number of interrogatories allowed." *E.E.O.C. v. Dawes Cty., Nebraska*, No. 8:07CV376, 2008 WL 2513755, at *3 (D. Neb. June 19, 2008) (citing Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")). However, leave "may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1).

Rule 26(b)(2) requires limits on discovery where the court determines: "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The court must also consider if the "burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Here, Progressive seeks leave to serve four interrogatories on Plaintiff pertaining to insurance coverage, Plaintiff's vexatious refusal to pay claims, and Plaintiff's eligibility for government health benefits. Plaintiff responds that Progressive already served 33 interrogatories on Plaintiff, which exceeds the 25-interrogatory limit, and argues that the information it seeks can be obtained by alternative means.

3

The Court, for good cause shown, will grant Progressive's request to serve four additional interrogatories on Plaintiff. The interrogatories are properly limited in scope, relevant to Progressive's counterclaim, and a convenient means for obtaining the information. Further, the interrogatories are not overly burdensome or duplicative, nor do they impose an undue expense on Plaintiff.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Progressive Advanced Insurance Company's motion for leave to file a counterclaim (Doc. No. 41) is **GRANTED**. Progressive shall file its counterclaim on or before **February 7, 2020**.

**IT IS FURTHER ORDERED** that Defendant Progressive Advanced Insurance Company's motion for leave to serve additional interrogatories (Doc. No. 37) is **GRANTED**.

Dated this 30th day of January, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE